**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LISA HAMILTON-HOGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Case No. 4:21-cv-172-SPM |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Lisa Hamilton-Hoge ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 9). Because I find the decision denying benefits was supported by substantial evidence, I will affirm the Commissioner's denial of Plaintiff's application.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. PROCEDURAL BACKGROUND

On March 1, 2017, Plaintiff applied for DIB and SSI, alleging that she had been unable to work since October 2013 due to bone spurs, left knee surgery "2x", lupus, arthritis, and left calf injury. (Tr. 108, 120, 314). Her applications were initially denied. (Tr. 159-64). Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ) (Tr. 166-67) and after a hearing, the ALJ issued an unfavorable decision on December 21, 2018. (Tr. 136-46). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council (Tr. 226-28), and the Appeals Council granted the request for review and remanded the case back to the ALJ. (Tr. 152-54). On May 6, 2020, another hearing was held (Tr. 66-106) and the ALJ issued a second unfavorable decision on May 29, 2020. (Tr. 7-22). Plaintiff filed a second request for review by the Appeals Council (Tr. 284-87), but the Appeals Council declined to review the case on December 15, 2020. (Tr. 1-3). Plaintiff has exhausted all administrative remedies, and the May 2020 decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

As to Plaintiff's testimony, work history, and medical records, the Court accepts the facts as provided by the parties.

## II. STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§

423(d)(1)(A); 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509 or § 416.909], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant

disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), which "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2), 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).

### III.     THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ in this case found, at step one, that Plaintiff has not engaged in substantial gainful activity since October 30, 2013, the alleged onset date. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease of the bilateral knees, Sjogren's syndrome/lupus/rheumatoid arthritis, and degenerative disc disease of the lumbar spine. (Tr. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 14).

The ALJ found that Plaintiff had the following RFC:

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except: She can bilaterally frequently handle and finger. She can occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; frequently balance; frequently stoop; occasionally kneel; occasionally crouch; and never crawl. She can never work at unprotected heights, never be exposed to concentrated levels of humidity or wetness, never be exposed to extreme heat, and never be exposed to extreme cold.

(Tr. 15). Moving to step four, the ALJ found that Plaintiff is capable of performing past relevant work as a daycare director. (Tr. 19). Although the ALJ could have stopped the sequential process at this step, the ALJ made an alternative finding at the fifth and final step of the sequential inquiry. After considering Plaintiff's age, education, work experience, and RFC, the ALJ relied on the testimony of the vocational expert and found that there are jobs that exist in numbers in the national economy that Plaintiff can perform, such as Production Worker, Cleaner/Housekeeper, and Laundry Worker (Tr. 20-21). The ALJ concluded that Plaintiff "has not been under a disability . . . from October 30, 2013, through the date of th[e] decision." (Tr. 22).

5

## IV. DISCUSSION

Plaintiff challenges the ALJ's decision on three grounds: (1) that the RFC findings are not supported by substantial evidence; (2) the decision lacks a proper pain evaluation; and 3) the ALJ exceeds her authority by interpreting objective evidence and inferring limitations therefrom.

### A. STANDARD OF REVIEW

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002); 42 U.S.C. §§ 405(g); 1383(c)(3). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good

6

reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### B. RFC Assessment

Plaintiff's first and third challenges are that the RFC findings are not supported by substantial evidence and the ALJ exceeded her authority by interpreting objective evidence and inferring limitations from this evidence. Plaintiff contends that the decision does not conform to Social Security Ruling ("SSR") 96-8p because it does not provide any sort of evaluation of the findings and how said findings support the ability to perform work at the RFC identified. Plaintiff also argues that the ALJ improperly drew inferences from the medical reports, and relied on the opinions of non-treating, non-examining medical consultants who relied on the records of the treating sources to form an opinion of Plaintiff's RFC. Responding, the Commissioner asserts that the ALJ's decision is supported by substantial evidence as the ALJ considered the objective medical evidence along with the entire record when formulating the RFC.

An ALJ determines the RFC "based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) (citation omitted). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). But an ALJ "is not limited to considering medical evidence exclusively," as even though the "RFC assessment draws from medical sources for support, it is

7

ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). The Court recognizes that an ALJ "may not draw upon [her] own inferences from medical reports." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). The Eighth Circuit has held that the "interpretation of physicians' findings is a factual matter left to the ALJ's authority." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (citation omitted).

In this case, the ALJ performed an extensive review of relevant evidence, including Plaintiff's substantial medical records, before concluding Plaintiff was capable of light work with certain additional limitations. This analysis was entirely consistent with the requirements of SSR 96-8p and other applicable regulations. The ALJ assessed objective medical evidence, carefully described various objective findings, and cited numerous sources of objective medical evidence across Plaintiff's many physician visits and tests. (Tr. 15-19). The ALJ also adequately explained how the objective medical evidence fit into the RFC and how it also provided for the limitations.

Additionally, the ALJ's consideration of the State agency physicians' opinions was not itself an error because the ALJ must consider all relevant evidence. *See Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). Further, the Social Security Administration's ("SSA") regulations recognize that state agency medical consultants are "highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1); *see also Collins v. Kijakazi*, No. 6:20-CV-3237-MDH, 2021 WL 3909670, at *4 (W.D. Mo. Aug. 31, 2021) ("The new regulations require the ALJ to consider the opinions of state agency medical consultants because they are highly qualified experts in Social Security disability evaluation."). As discussed above, the ALJ did consider all relevant evidence as shown throughout the decision, which includes discussion of the medical records, Plaintiff's activities of daily living ("ADLs"), response to treatment and some course of treatment (exercises). (Tr. 15-19).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Based on the foregoing, the ALJ's decision is supported by substantial evidence.

### C. PAIN EVALUATION

Plaintiff also challenges the ALJ's decision by asserting that the ALJ's decision lacks a proper pain evaluation. The Commissioner asserts that the ALJ's decision is supported by substantial evidence.

Courts normally defer to an ALJ's credibility determination. *See Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010). Under 20 C.F.R. §§ 404.1529, 416.929, when evaluating disability, the SSA will "consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." The Eighth Circuit has held that the ALJ must consider the five *Polaski* factors when considering a claimant's subjective descriptions of disabling pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). But the ALJ is "not required to discuss each *Polaski* factor so long as [she] acknowledges and considers the factors before discounting a claimant's subjective complaints." *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (citation omitted).

"After careful consideration of the evidence," the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effect of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. at 16). Prior to this statement, and consistent with the Eighth Circuit's requirements, the ALJ recognized her obligation to assess Plaintiff's symptoms based on the requirements of 20 C.F.R. §§ 404.1529, 416.929, and SSR 16-3p. (Tr. 15). *See Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (citation omitted) (recognizing 20 C.F.R. § 404.1529 "largely mirror[s] the *Polaski* factors").

Here, Plaintiff argues that the ALJ's decision does not include a proper pain evaluation as it fails to consider all of the *Polaski* factors except for Plaintiff's ADLs.  Plaintiff also argues that the ALJ ignored her symptoms of fatigue, tiredness, and "grogginess" from her medications by stating that napping was not medically necessary. Responding, the Commissioner asserts that the ALJ's decision is supported by substantial evidence because the ALJ considered the objective medical evidence, medical and nonmedical sources, course of treatment, Plaintiff's testimony, and her ADLs.

The Court finds that the ALJ appropriately discounted Plaintiff's allegations of disabling pain based on the objective medical evidence and Plaintiff's daily activities. The Eighth Circuit has recently held that an ALJ "is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Grindley*, 9 F.4th at 630 (citation omitted). It was reasonable for the ALJ to rely on objective medical evidence in adjudicating Plaintiff's claim. (Tr. 15-19). The Court also notes that the ALJ did not entirely discount Plaintiff's allegations. The ALJ found that "[t]he objective evidence and treatment records show that [Plaintiff] has physical impairments that likely result in some limitations[,]" then thoroughly explained the objective medical evidence showing a history of pain

10

in the lower extremities, and concluded the paragraph by stating that "[t]his evidence provides some support for [Plaintiff]'s allegations." (Tr. 16-17).

Moreover, the ALJ considered normal exams and findings in Plaintiff's medical records and objective imaging. (Tr.17). The ALJ also relied on objective imaging. (*Id.*).

Aside from objective medical evidence, the ALJ also considered Plaintiff's reported ability to do the following ADLs: "taking care of her grandchild at times; being able to perform her own personal care activities of dressing, bathing, combing her hair and brushing her teeth; preparing simple meals; and she is able to drive[.]" (Tr. 18). The ALJ therefore concluded that Plaintiff is not as limited as she alleged. (*Id.*).

For the above reasons and for the other reasons discussed in the Commissioner's brief, the Court finds that the ALJ conducted an adequate evaluation of Plaintiff's claimed symptoms, considered relevant factors, and gave good reasons, supported by substantial evidence, for partially discounting those symptoms. The Court emphasizes that the valuation of a claimant's subjective symptoms is "primarily for the ALJ to decide, not the courts." *Igo v. Colvin*, 839 F.3d 724, 731 (8th Cir. 2016) (quotation marks omitted). The ALJ's decision fell within the available zone of choice, and the Court cannot disturb that decision even if the evidence might have supported a different conclusion.

V.   **CONCLUSION**

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome,

11

or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). For all of the foregoing reasons, the Court finds the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

                                                       SHIRLEY PADMORE MENSAH
                                                       UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of September, 2022.